UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON MOORE, individually,<br><br>   Plaintiff,<br>   v.<br><br>EFFECTUAL INC., a Delaware corporation,<br><br>   Defendant. | CASE NO. 3:21-cv-05890-DGE<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 16) AND DISMISSING PLAINTIFF'S SUPPLEMENTAL CLAIMS |

**I       INTRODUCTION**

This matter comes before the Court on Defendant Effectual Inc.'s motion for summary judgment (Dkt. No. 16).  For the reasons herein, the Court GRANTS Defendant's motion as to Plaintiff Jason Moore's Title VII claim and DISMISSES Plaintiff's state law claims without prejudice.

**II       BACKGROUND**

In August 2021, Plaintiff was hired as an Enterprise Account Executive at Defendant, with an effective start date of October 4, 2021.  (Dkt. Nos. 1 at 2; 18 at 2.)  On October 5, 2021,

Defendant's employee Rick Ruskin announced that he believed the company was adopting a mandatory vaccination policy against Covid-19, requiring all employees be vaccinated by the end of November 2021.  (Dkt. Nos. 1 at 2; 18 at 2–3.)  On October 8, 2021, another of Defendant's employees Alexis Breslin sent a company-wide emailing detailing Defendant's new vaccine policy, including the process to request medical and religious accommodations.  (*See* Dkt. Nos. 19-1, 19-2.)  Plaintiff ultimately refused to get vaccinated.  (Dkt. No. 22 at 2–4.)  The Parties dispute whether Plaintiff properly requested a religious exemption to the company's vaccine policy prior to his termination.  (*See* Dkt. Nos. 19 at 2–5; 22 at 2–7.)

Plaintiff filed suit against Defendant on December 8, 2021, alleging Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Washington Law Against Discrimination, Washington Revised Code §§ 49.60, *et seq.* ("WLAD"), and committed breach of contract and wrongful discharge in violation of public policy.  (*See* Dkt. No. 1 at 3.)   Plaintiff did not contact the Equal Employment Opportunity Commission ("EEOC") or file a Charge of Discrimination with them prior to filing his complaint.  (Dkt. No. 17-2 at 18–19, 106.)

On November 17, 2022, Defendant filed their motion for summary judgment.  Plaintiff filed a timely response in opposition to Defendant's motion on December 5, 2022.  And Defendant filed its reply on December 9, 2022.

### III    DISCUSSION

**A. Legal Standard**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The deciding court must view the evidence, including all reasonable

inferences, in favor of the non-moving party." *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Additionally, the moving party may meet their summary judgment burden by establishing through argument that the non-movant has failed to offer any evidence in support of their claims. *Garnica v. Washington Dep't of Corr.*, 965 F. Supp. 2d 1250, 1263 (W.D. Wash. 2013), *aff'd*, 639 F. App'x 484 (9th Cir. 2016); *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000); Fed. R. Civ. P. 56(e)(3).

**B. Plaintiff Failed to Exhaust His Administrative Remedies, as Required by Title VII**

Defendant argues Plaintiff failed to exhaust his administrative remedies by filing a Charge of Discrimination with the EEOC and thus is precluded from bringing a religious discrimination claim pursuant to Title VII. (Dkt. No. 16 at 13–14.)

Plaintiff does not respond to Defendant's arguments as to his Title VII claim. (*See generally* Dkt. No. 20.) The Court thus construes Plaintiff's Title VII claim as waived. *See Washburn v. Gymboree Retail Stores, Inc.*, No. C11-822RSL, 2012 WL 3818540, at *10 (W.D. Wash. Sept. 4, 2012); *see also Ramirez v. City of Buena Park*, 560 F.3d 1012, 1026 (9th Cir. 2009) ("'It is a general rule that a party cannot revisit theories that it raises but abandons at summary judgment.'").

Even had Plaintiff not waived his Title VII claim by failing to respond to Defendant's arguments, the Court would find that Plaintiff failed to exhaust his administrative remedies before bringing a Title VII claim against Defendant. "In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." *Sommatino v. United*

*States*, 255 F.3d 704, 707 (9th Cir. 2001).  Plaintiff was required by federal regulation to "file a charge with the EEOC within either 180 days or 300 days of the alleged unlawful employment practice."  *Salina v. Providence Hospice of Seattle*, No. C02-2559RSM, 2005 WL 5912105, at *2 (W.D. Wash. Apr. 11, 2005), *aff'd*, 226 F. App'x 653 (9th Cir. 2007); *see also* 42 U.S.C. § 2000e-5(e)(1).  Plaintiff explicitly acknowledges they failed to do so.  (Dkt. No. 17-2 at 18–19, 106.)

"Our cases . . . instruct that abandonment or failure to cooperate in the administrative process prevents exhaustion and precludes judicial review."  *Sommatino*, 255 F.3d at 708.  Plaintiff failed to exhaust his administrative remedies and has prevented no evidence that either he or his counsel consulted with the EEOC prior to filing this lawsuit.  As such, the Court GRANTS Defendant's summary judgment motion as to Plaintiff's Title VII claim.

### C. The Court Declines to Exert Jurisdiction over Plaintiff's Supplemental State Law Claims

The Court declines to exert supplemental jurisdiction over Plaintiff's other state law claims.  *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'"); *see also* 28 U.S.C. § 1367(c)(3).

Plaintiff's complaint does not specify the basis for the Court's jurisdiction to hear this case. (Dkt. No. 1 at 1.)  Plaintiff generally asserts, "[t]he Court has jurisdiction over the parties to, the subject matter of this lawsuit, and venue is proper."  (*Id.*)  The Court undoubtedly had jurisdiction over Plaintiff's Title VII claim pursuant to 28 U.S.C. § 1331.  It is not clear whether the Court has diversity jurisdiction over Plaintiff's state law claims because Plaintiff did not affirmatively plead the amount in controversy was over $75,000.  *See* 28 U.S.C. § 1332.  The burden of proving jurisdiction rests on the party asserting it.  *See Kokkonen v. Guardian Life Ins*.

*Co. of Am.*, 511 U.S. 375, 377 (1994).  The Court is not persuaded it has original jurisdiction over Plaintiff's state law claims and declines to exert supplemental jurisdiction over them.

As such, the Court DISMISSES these claims without prejudice.

## IV     CONCLUSION

Accordingly, and having considered Defendant's motion (Dkt. No. 16), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendant's motion is GRANTED in part.

1. The Court GRANTS Defendant's motion for summary judgment as to Plaintiff's Title VII claim and the Title VII claim is DISMISSED with prejudice.
2. The Court DISMISSES without prejudice Plaintiff's state law claims for lack of subject matter jurisdiction.
3. The Court declines to award sanctions for alleged discovery violations as a proper motion is not before the Court.

Dated this 19th day of December, 2022.



David G. Estudillo
United States District Judge